ENOCH A. ROGERS VS. ANDREW BATES AND WILLIAM G. DUNHAM.

D. cut posts on State lands and piled them there. While he was so engaged R. bought the land, and he afterwards replevied the staves cut before as well as after the purchase. *Held*, he had no title to those cut prior to his purchase. D.'s possession conclusively admitted by bringing replevin. Such possession evidence of title against a 1 persons except the true owner. *No confusion of goods. Rule of damages.*

*Alpena Circuit Court, October* 18, 1869..

*I. H. Stevens* and *S. C. Draper* for Plaintiff.

*J. B. Tuttle* and *T. C. Grier* for Defendants.

*By the Court,* SUTHERLAND, J.—There is no evidence against defendant Bates, and there must be judgment in his favor for costs.

Defendant Dunham cut and piled, on lands belonging to the State, a quantity of cedar posts. They were cut and piled immediately before and after the purchase of the land by the plaintiff, on the 15th day of August, 1867. The posts were placed in one long pile. Those cut after the plaintiff's purchase were added at one end, and were not otherwise mixed with the others. The plaintiff saw the pile of posts on the 14th day of August, and estimated the number piled at 2,500. After his purchase he replevied, in this suit, all the posts, 4,400 in number. He sold the posts at seven cents a piece, by count, and that was proved to be their value loaded on a vessel. They may, therefore, be regarded as uniform in quality and value.

The plaintiff, at the commencement of his suit, was the owner of those posts only that were made after the date of hi purchase. The others belonged to the State, if the State electe to claim them; or, they would become the property of the fendant if the State should prosecute him and obtain satisfac

for the trespass. He claims to be in possession, and he had performed such acts as would authorize the inference of actual possession. The plaintiff, moreover, by bringing replevin, conclusively admits that possession.

Possession is good evidence of title against all persons except the owner. *Wincher vs. Shrewsbury*, 3 *Scam.*, 283.

As against the defendant, however, the plaintiff could claim all the posts if there had been such admixture, by the defendant's fault, as would prevent the plaintiff from taking his own in any other manner. *Stevenson vs. Little*, 10 *Mich*, 433. But the posts were of even value, and the plaintiff was informed of the location and number of the posts cut prior to his purchase. He was able to distinguish, approximately, the identical posts which he could claim as his own.

I conclude, therefore, that the plaintiff is entitled to recover in respect to 1,900 posts, and must fail as to the remaining 2,500. For the value of this latter quantity judgment must be rendered against him.

The defendant's posts having been taken on the writ by wrong, he is entitled to have them returned in any better condition in which they may be at the time of judgment either by work on them, by transportation, or by improvement of the market value. They having been shown to be worth seven cents a piece on a vessel to which they were actually conveyed by the plaintiff, the defendant is entitled to recover at that rate, with interest.